E-filing

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 623-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

FILED

MAY - 6 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

ADR

| | |
|---|---|
| JOHN V. SKIDMORE II | ) Case No. **C09-01989 VRW** |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT,** |
| | ) **ROSENTHAL FAIR DEBT** |
| NCO FINANCIAL SYSTEMS, INC. | ) **COLLECTION PRACTICES ACT,** |
| | ) **AND INVASION OF PRIVACY** |
| Defendant. | ) |
| | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of

which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.      Plaintiff, John V, Skidmore, II ("Plaintiff"), is a natural person residing in Humboldt county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4.      At all relevant times herein, Defendant, NCO Financial Systems, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a).    Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff, and in connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§ 1692b(3) & § 1692c(b) (§ 1692b & § 1692c(b)), including calling Plaintiff's receptionist at wok on several occasions when Defendant was already fully aware of Plaintiff's physical location and telephone numbers.

b).    Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff and repeatedly contacting Plaintiff at his/her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiffs employer (§ 1692c(a)(1)(3) (§ 1692c(a)(1)), including calling Plaintiff at work on several occasions after Plaintiff told Defendant both verbally and in writing to stop calling and he could not take such calls at work.

c). Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, causing a telephone to ring repeatedly or continuously to annoy Plaintiff, and communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e)); (Cal Civ Code § 1788.11(d)) (§ 1692d(5)), including calling plaintiff at home, at work and on his cellular phone more than once a day, several times a week and several times a month, despite his requests to stop.

d). Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, and overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, (§ 1692g(b)) (§ 1692g(a)), including to this date, Plaintiff has received nothing in writing from Defendant, including the notices required by 1692(g).

e). Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§ 1692e(11).

6. Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a

1 | reasonable person. Plaintiff had a subjective expectation of privacy that was

2
3 | objectively reasonable under the circumstances.

4 | 7. Defendant's aforementioned disclosure of facts regarding Plaintiff's

5
6 | debt to third parties constitutes a public disclosure of a private fact not of

7 | legitimate public concern. Defendant's disclosures were highly offensive to a

8 | reasonable person.

9
10 | 8. As a result of the above violations of the FDCPA, RFDCPA and

11 | invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's

12
13 | feelings, personal humiliation, embarrassment, mental anguish and emotional

14 | distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages,

15 | statutory damages, and costs and attorney's fees.

16
17 | ## COUNT I: VIOLATION OF FAIR DEBT
18 | ## COLLECTION PRACTICES ACT

19 | 9. Plaintiff reincorporates by reference all of the preceding paragraphs.

20 | ## PRAYER FOR RELIEF
21

22 | WHEREFORE, Plaintiff respectfully prays that judgment be entered

23 | against the Defendant for the following:
24

25 |     A. Declaratory judgment that Defendant's conduct

26 |        violated the FDCPA;

27 |     B. Actual damages;

28 |     C. Statutory damages;

Complaint - 5

D.    Costs and reasonable attorney's fees; and,

E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

10.    Plaintiff reincorporates by reference all of the preceding paragraphs.

11.    To the extent that Defendant's actions, counted above, violated the

RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct
      violated the RFDCPA;

B.    Actual damages;

C.    Statutory damages for willful and negligent violations;

D.    Costs and reasonable attorney's fees,

E.    For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION

## AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

12.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against the Defendant for the following:

A.    Actual damages

B.    Punitive Damages; and,

C.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 2nd day of May, 2009.

By: _____

**TODD M. FRIEDMAN (216752)**
**LAW OFFICES OF TODD M.**
**FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 623-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

Complaint - 7